Geaham, Judge,
delivered the opinion of the court:
The plaintiff seeks to recover an amount assessed against it under a contract as liquidated damages for delay in com *354 pleting the delivery of the materials called for by the contract. It is not seeking to recover a sum of money in the form of a loss for a breach of contract, but claims that under the contract the Government -was required to offset, day for day, the days lost by the action of defendant and by unavoidable causes, by the days plaintiff delayed after the date fixed for the completion of the contract and for which liquidated damages were assessed.
The delay in completion is admitted, and the accuracy of the assessment of the liquidated damages is not questioned. It is contended that the plaintiff should not have been assessed for liquidated damages for delay, because it was itself delayed by the action of the defendant and by unavoidable causes for an equal number of days, and that therefore it is entitled to recover the amount assessed against and withheld from it for liquidated damages.
The claim is based upon that paragraph of the contract which, after providing for the assessment of liquidated damages for delay, reads in part as follows:
“In making settlements in which such charges are involved, the contractor shall receive credit for all delays which the contracting officer * * * may determine to have been due to action of the United States, and for such other delays as the same authority may decide to have been due to such unavoidable causes, including fires, unseasonably severe storms, and labor strikes in the works of the contractor, as occurred before the date upon which final delivery is due under the provisions of article 1, or before the expiration of the time thereafter for which credit is allowed under this article; and the date of final delivery shall be considered for the purpose of settlement as the date of actual final delivery less the delays for which credit has been allowed; but none of the above causes shall constitute a basis for action against the United States for damages * * * 5?
It will be seen that this paragraph provides, first, that in settlements for charges involving liquidated damages and expenses of inspection and superintendence incurred during the period for which liquidated damages are deducted the plaintiff shall receive credit for certain delays; second, that these latter delays shall be such as the contracting officer “ may determine ” to have been due to the action of the *355 United States or other “unavoidable causes, including fires, unseasonably severe storms, and labor strikes in the works ■of the contractor”; and, third, that except for the purposes of this credit for delays none of these causes “shall constitute a basis for action against the United States for damages.” The plaintiff, therefore, is entitled only to credit for delays which the contracting officer “ may determine ” to be due for the reasons named. The averment of the petition shows that the contracting officer did pass upon the question and determine that the plaintiff was not entitled to a credit for the delays claimed.
It may be said that by this contract plaintiff put itself wholly in the hands of the Government, but that is not a matter for our consideration. If it did so place itself, it must abide the result. The tribunal which was empowered to determine whether it was entitled to a credit for these delays decided adversely to it. As we have had occasion to say before, it is not the province of the court to make contracts but to construe and enforce them as it finds them. The contracting officer determined against the plaintiff on the question of the counterdelays, and so the claim set up in the petition furnishes no ground for a recovery.
There is another phase of the case which is also conclusive. It is plain that the only relief which the contract intended to afford the plaintiff in case of delays, whether caused by the Government or by unavoidable causes, was a credit for these delays as against its own delays, to be determined by the contracting officer, and that it could not make the former delays “ a basis for action against the United States for damages.” That this is true, it is only necessary to note that the delays for which it -was to receive credit are, first, those due to the action of the United States, and, second, such “ other delays ” as the contracting officer might decide to have been due to unavoidable causes, etc., occurring before the date of final delivery. It will be seen that delays due to “unavoidable causes ” are delays “ other ” than those due to the action of the United States, and for these clearly no action against the United States could be maintained; so that to give the clause a reasonable meaning it must be held that the word *356 “ causes ” in the last part of the paragraph quoted refers to all the grounds of delay recited.
The plaintiff has failed to show a cause of action, and the demurrer should be sustained and the petition dismissed. It is so ordered.
Moss, Judge; Hay, Judge; Booth, Judge; and Campbell, Chief Justice, concur.